CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
JAN 12 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br>                            *Plaintiff,*<br>v.<br>DEBORAH BOWLES *et al.*,<br>                            *Defendants.* | CRIMINAL/CIVIL ACTION NO. 6:09-cv-44<br><br>MEMORANDUM OPINION AND ORDER<br><br>JUDGE NORMAN K. MOON |

This matter is before the court upon consideration of plaintiff State Farm Mutual Automobile Insurance Company's ("State Farm") motion for default judgment as to defendants Darrell Creasy ("Creasy") and Douglas Fitch Jr. ("Fitch"). (docket no. 20). For the reasons set forth below, State Farm's motion is hereby GRANTED.

Defendant Deborah Bowles ("Bowles") was injured in a single-car motor vehicle accident that occurred on July 25, 2008 in Campbell County, Virginia. Following the accident, Bowles filed a negligence action against Creasy and Fitch in state court. While Bowles claims that she is insured under certain provisions of the State Farm Personal Auto Policy issued to her mother, plaintiff denies the contention. State Farm brings this declaratory judgment action to determine whether Bowles was a "resident" of her mother's household within the meaning of the policy, and thus whether she is insured. As the outcome of this action will affect the interests of Creasy and Fitch, State Farm joined them as defendants. Bowles has counterclaimed for a declaratory judgment that she is in fact insured under the policy.

Plaintiff filed its amended complaint on September 4, 2009, and all defendants were properly served. Although Bowles filed an answer on October 21, 2009, neither Creasy nor

1

Fitch has filed any motions or responsive pleadings. On September 23, 2010, the Clerk of the Court filed an entry of default as to Creasy and Fitch pursuant to Fed. R. Civ. P. 55(a). State Farm now moves for a default judgment determining that all defendants are bound by the court's ultimate resolution of this matter. None of the defendants have responded to the motion for default judgment in any respect. As none of the parties have requested a hearing, the matter is ripe for decision.

Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails to plead or otherwise defend in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (quotations omitted). Although the clear policy of the Rules is to encourage dispositions of claims on their merits, entry of default judgment is committed to the discretion of the court. *See Moradi*, 673 F.2d at 727 (citing *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)).

The court has examined the pleadings, the service of process, and the record in this case. As it is apparent that Creasy and Fitch have not timely responded to the amended complaint, nor otherwise shown any intention of intervening in this matter, the court finds that it is appropriate to accord State Farm the relief sought. Accordingly, Creasy and Fitch are hereby on notice that they will be bound by this court's ultimate disposition of the case.

It is so ORDERED.

The Clerk of the Court is directed to send a certified copy of this memorandum opinion and order to all counsel of record.

Entered this 12th day of January, 2011.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

2